**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1655-18T3

DIANA C. ORTIZ,

    Plaintiff-Appellant,

v.

TOWNSHIP OF NORTH BERGEN
BOARD OF EDUCATION,

    Defendant-Respondent,

and

HUDSON COUNTY BOARD
OF ELECTIONS,

    Defendant.

_____

        Submitted May 20, 2019 – Decided July 25, 2019

        Before Judges Haas, Sumners and Susswein.

        On appeal from the Superior Court of New Jersey, Law
        Division, Hudson County, Docket No. L-4872-18.

        Mario Miguel Blanch, attorney for appellant.

Chasan Lamparello Mallon & Cappuzzo, PC, attorneys for respondent (Mitchell L. Pascual, of counsel and on the brief; Qing Hua Guo, on the brief).

PER CURIAM

Plaintiff Diana Ortiz appeals Chancery Judge Joseph A. Turula's order denying her request to permanently enjoin a special election public referendum vote to authorize the Township of North Bergen Board of Education (Board) to borrow $60,000,000, for capital improvements in the school district. We affirm for the cogent reasons stated in the judge's oral decision.

I.

The North Bergen school district is a Type II district, which must have its electorate approve a ballot question whenever it wants to issue bonds for capital improvements in the district. N.J.S.A. 18A:24-10(c). On November 7, 2018, the Board passed a resolution approving bond referendum language to be voted upon at a special election on December 11. The referendum sought approval of a capital improvement plan to alleviate classroom overcrowding and modernize school facilities to provide better lighting and accessibility; new science, technology, engineering and math programs; and vocational programs. Long-term bonds totaling approximately $60,000,000 would fund the project.

Plaintiff filed an order to show cause and a verified complaint to permanently enjoin the election. On December 10, the day before the election, Judge Turula dismissed the action and denied plaintiff's request to stay the election pending an appeal to this court.[1] Later that same day, we denied plaintiff's emergent application to stay "without prejudice to [plaintiff] litigating the outcome of [the] election in the trial court or this court on an appropriate record." On election day, our Supreme Court denied plaintiff's emergent application and confirmed our decision allowing plaintiff the option to later appeal. The voters of North Bergen approved the referendum. This appeal followed.

## II.

Before us, plaintiff contends the referendum "was void on its face," because its language violated statutory and regulatory requirements. Consequently, we are asked to review questions of law, which we review de novo. Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386 (2016); Tumpson v. Farina, 218 N.J. 450, 467 (2014).

---

[1] Judge Turula also dismissed a lawsuit with prejudice by a different plaintiff, which claimed the Board violated the Open Public Meetings Act, N.J.S.A. 10:4-6 to -21, when it approved the resolution. That dismissal is not before us.

A.

Plaintiff first argues the referendum is contrary to N.J.S.A. 19:3-6, because it was not written in simple language and was improperly phrased as a statement, not a question, which was thus deceptive and confusing. N.J.S.A. 19:3-6 provides that "[a]ny public question voted upon at an election shall be presented in simple language that can be easily understood by the voter. The printed phrasing of said question on the ballots shall clearly set forth the true purpose of the matter being voted upon."

The referendum provided:

PROPOSAL

The Board of Education of the Township of North Bergen in the County of Hudson, New Jersey is authorized: (a) to acquire real property formerly known as the Hudson County Technical High School, located at Tonnelle Avenue and 85th Street, in North Bergen and described on the Township tax map as Block 458, Lot 1 and Block, 458.01, Lots 1 and 6.01 (High School West), and to provide for additions, renovations, alterations and improvements thereto and also to the existing North Bergen High School facilities (High School East), including fixture, furnishings, equipment, site work and related work; (b) to appropriate $64,958,000 for such purposes, including $4,958,000 from capital reserve; and (c) to issue bonds of the school district in the principal amount of $60,000,000.

The final eligible costs of the projects approved by the Commissioner of Education are $52,331,912 (with

4

$37,087,622 allocated to High School West and $15,244,290 allocated to High School East). The proposed improvements include $12,497,548 allocated to High School West and $0 allocated to High School East for elements in addition to the facilities efficiency standards developed by the Commissioner of Education or not otherwise eligible for State support pursuant to N.J.S.A. 18A:7G-5(g). The State debt service aid percentage will equal 48.694% of the annual debt service due with respect to the final eligible costs of the projects. The Board of Education is authorized to transfer funds among the projects approved at this special election.

Plaintiff asserts that the meaning of the referendum's second paragraph in relation to the first paragraph is unclear. She indicates the first paragraph states the project will cost $64,000,000, but the second paragraph indicates the Commissioner of the Department of Education approved only $52,000,000. Therefore, she maintains that the language of the referendum is inconsistent and void.

Plaintiff also asserts that in Board of Education v. City of Hackensack, 63 N.J. Super. 560, 570-71 (App. Div. 1960), we determined that where the true purpose of a referendum was not made known in its language, the referendum was not compliant with N.J.S.A. 19:3-6. She also relies upon City of Orange Twp. Bd. of Educ. v. City of Orange Twp., 451 N.J. Super. 310, 328 (Ch. Div. 2017), where the trial court invalidated a referendum because it found that "the

true purpose of [the] municipal public question was not set forth in adequate detail so as to allow voters in the City to be sufficiently informed." She indicates that Judge Turula found the referendum to be clear given that it is a bonding referendum, which is more complex, but avers this reasoning was specifically rejected in City of Orange Twp. Bd. of Educ.

There, the court stated:

> the City argues that "the vast majority of the citizenry is not aware of the nuances and complexities of the law" and, as such, "these citizens are less likely to be able to develop a fair appreciation of the consequences of their vote." This argument is also without merit. First of all, knowledge of the law's complexities is by no means a prerequisite for understanding the consequences of one's vote. In no way does this court suggest that the law's nuances had to be outlined in detail to the voters. The general scope and consequences of one's vote can easily be presented to voters in a way that does not even mention the law, and can be done in a manner consistent with the simple language mandate of N.J.S.A. 19:3-6. Finally, the City cannot say that its citizens are "unable to develop a fair appreciation of the consequences of their vote" and in the next breath, as it does, say that "the process should be based upon public information, awareness, and education." One position is entirely inconsistent with the other.
>
> [City of Orange Twp. Bd. of Educ., 451 N.J. Super. at 327-28.]

While it may have been preferable to present the referendum in the form of a question, we agree with Judge Turula, as well as the Board, that there is no

6

A-1655-18T3

statutory requirement that the referendum must be presented in that manner.  We look to the Legislature's definition of "public question," which includes: "any question, proposition or referendum required by the legislative or governing body of the State or any of its political subdivisions to be submitted by referendum procedure to the voters of the State or political subdivision for decision at elections."  N.J.S.A. 19:1-1 (emphasis added).  Because we give words "their ordinary meaning and significance, recognizing that generally the statutory language is the best indicator of [the Legislature's] intent," Tumpson, 218 N.J. at 467 (citations and quotation marks omitted) (citing DiProspero v. Penn, 183 N.J. 477, 492 (2005)), and "[i]f the plain language leads to a clear and unambiguous result, then our interpretive process is over[,]" Johnson, 226 N.J. at 386 (citations and quotation marks omitted), the Board's referendum captioned, "Proposal," constitutes a legitimate public question.

We likewise concur with the Board that the referendum is stated in simple language that can easily be understood and clearly sets forth the purpose of the issue being voted upon.  The referendum has four main parts.  The first part states that the Board will purchase a new property and renovate it in conjunction with renovating the existing high school.  The second part states the cost of completing the projects outlined in first part.  The third part explains how the

Board is going to finance the first part. And the fourth part indicates the amount of pre-approved financing assistance the State will provide to the Board for the project.

Plaintiff's reliance on City of Orange Twp. Bd. of Educ., is misplaced because in that matter the referendum question simply asked whether the City of Orange should remain an appointed board of education or change to an elected board. Id. at 316. There was neither an explanation for the change nor did the referendum provide a difference between an appointed board of education and an elected board of education. Id. In contrast, the Board here held two public meetings regarding the methodology and allocation of the finances, as well as the anticipated construction and benefit of the upgrades to the students of North Bergen. Therefore, we agree with Judge Turula's reasoning that "the [referendum] here does provide how the money would be used and where it would go[,]" and unlike "Hackensack . . . this is a bond proposal, language of the propos[al] comes directly from the statute[, N.J.S.A. 18A:22-39,] and from the regulation[, N.J.A.C. 6A:26-3.7(f),] providing guidance on bond proposals."

B.

Plaintiff lastly argues the referendum is deficient because it does not contain the language required by N.J.S.A. 18A:22-39 and N.J.A.C. 6A:26-3.7(f). She stresses that the total costs of the project were not included in the submitted referendum. She further argues the referendum did not meet the standards of the administrative code because it: (1) did not request approval for the local share; (2) did not explain the excess costs; and (3) did not include the language mandated by the code. We find no merit to these arguments.

In pertinent part, N.J.S.A. 18A:22-39 requires that a referendum identify the capital improvement project and the amount to be raised for the project. Similarly, N.J.A.C. 6A:26-3.7(f)(2), in relevant part, provides that the language include the "total costs of the school facilities project, disclose the amount needed to be raised by school bonds, the State debt-service-aid percentage, the final eligible costs, and the excess costs, if any." The regulation further provides that the "State debt-service-aid percentage shall be stated as a percentage of the annual debt service of the final eligible costs." N.J.A.C. 26A:3.7(f)(2)(i).

As noted above, we agree with the judge that the bond referendum language comes directly from the statute and regulations at issue. It satisfies N.J.A.C. 26A:3.7(f)(2) and -(2)(i), by providing that the total cost of the project is $64,958,000, the amount that needs to be raised by school bonds is

$60,000,000, the State debt service aid percentage "will equal 48.694% of the annual debt service due with respect to the final eligible costs of the projects," and the "final eligible costs of the projects approved by the Commissioner of Education are $52,331,912."

Under N.J.A.C. 6A:26-3.7(f)(4), the referendum language must include:

> This school facilities project includes $ (insert amount) for school facility construction elements in addition to the facilities efficiency standards developed by the Commissioner of Education, or that are not otherwise eligible for State support pursuant to N.J.S.A. 18A:7G-5(g).

The Board's referendum complied by stating:

> The proposed improvements include $12,497,548 allocated to High School West and $0 allocated to High School East for elements in addition to the facilities efficiency standards developed by the Commissioner of Education or not otherwise eligible for State support pursuant to N.J.S.A. 18A:7G-5(g).

Accordingly, Judge Turula properly found that the Board's referendum did not offend the governing statutory and regulatory requirements, and fittingly dismissed plaintiff's efforts to enjoin the Board's capital improvement project. We are convinced that the voters of North Bergen were fully aware of what the Board was asking them to vote on in the referendum.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1655-18T3